Filed 7/20/21  P. v. Bertram CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304753 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA091126) |
| v. | |
| TIMOTHY BERTRAM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Dismissed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.

On July 14, 2016, the Los Angeles County District Attorney filed an information charging defendant and appellant Timothy Bertram (defendant) with four counts of burglary in violation of Penal Code section 459.[1]  The information alleged defendant entered a medical office with the intent to commit a felony on two different dates in June 2015.  The information further alleged defendant had suffered prior convictions, including a conviction for a serious or violent felony.

On September 9, 2016, defendant pled no contest to two counts of burglary (counts one and four).  The remaining counts were dismissed pursuant to defendant's plea agreement.  Defendant admitted he had suffered three prior convictions.  The court sentenced defendant to state prison for a total of six years and eight months.  That sentence included three years pursuant to section 667.5, subdivision (b) enhancements (one year for each of three admitted priors).

On January 15, 2020, defendant filed a document in the trial court that he styled as a petition for recall of commitment under section 1016.8.  Defendant argued that under Assembly Bill No. 1618, which amended section 1016.8, he was permitted to benefit from legislative enactments that occurred after the date of his plea and judgment.  He further argued he should be allowed to benefit from an amendment to section 667.5.  Specifically, defendant argued that when he was sentenced, the trial court was permitted to impose a one-year enhancement for each of the prior prison terms he had served.  Under the amended section 667.5, however, an enhancement may only be applied for a prior

---

[1]     Undesignated statutory references that follow are to the Penal Code.

prison term if the new offense is a "violent" offense as defined by section 667.5, subdivision (c), which his conviction in this case was not. Defendant asked the court to recall his commitment and strike all three one-year enhancements.

The trial court summarily denied the petition on the ground that section 1016.8 is not by its own terms retroactive, and there was no authority to construe it as retroactive.

Defendant noticed an appeal from this ruling. This court appointed counsel to represent him and, after reviewing the record, defendant's attorney filed a brief raising no issues. We invited defendant to personally submit a supplemental brief, and defendant submitted a brief arguing the trial court erred in denying his petition for two reasons. First, he argued section 1016.8 is retroactive. Second, he contended his case is not final because the trial court imposed a one-year enhancement based on a California Rehabilitation Center commitment that cannot be used as the basis of an enhancement. (He cited our order in his habeas corpus proceeding, case number B305381, in which we concluded the trial court imposed an unauthorized sentence by imposing an enhancement based on that same prior commitment.) Defendant requested this court issue an order consistent with the order it issued in his prior habeas case, investigate alleged noncompliance with that prior order, and relieve him from post-release supervision.

Following the submission of his supplemental brief, defendant contacted the court to provide a new address because he had been released from prison. We then invited counsel to submit briefing on the issue of whether defendant's release mooted his appeal. The People argued defendant's appeal is indeed moot. Counsel for defendant filed a supplemental brief

3

stating, in relevant part: "[Defendant] has been released from prison. [The Attorney General] asserts that after [defendant's] release, this court cannot provide [defendant] with effective relief, and that the appeal is moot and should be dismissed. [Citation.] [Defendant's] counsel does not dispute [the Attorney General's] position."

We agree that defendant's request for review of the court's decision on his petition under section 1016.8, including the specific issues properly presented in his supplemental brief, is moot. (See *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132 [dismissal generally required where court of appeal cannot grant any effectual relief to appellant]; *People v. Strams* (1931) 118 Cal.App. 148 [appeal rendered moot by appellant's release from custody].)

DISPOSITION

The appeal is dismissed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


MOOR, J.